On intervenor-respondent City of Portland's reconsideration filed April 3; on intervenor-respondent City of Gresham's reconsideration filed April 3; on respondent Portland Metropolitan Area Local Government Boundary Commission's reconsideration filed May 1, reconsideration allowed on petitions of City of Gresham and City of Portland; reconsideration denied on petition of Boundary Commission May 22, 1985, former opinion (72 Or App 235, 695 P2d 937 (1985)) supplemented and adhered to May 22, all petitions for review allowed July 23, 1985 (299 Or 522)
See 300 Or 14, 706 P2d 924 (1985)

## MID-COUNTY FUTURE ALTERNATIVES COMMITTEE et al,
*Petitioners,*

*v.*

## PORTLAND METROPOLITAN AREA LOCAL GOVERNMENT BOUNDARY COMMISSION,
*Respondent,*
## CITY OF PORTLAND et al,
*Intervenors-Respondents.*

(1950; CA A30904)

700 P2d 695

Thomas Sponsler and Matthew R. Baines, Portland for petition of City of Gresham.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Michael B. Huston, Assistant Attorney General, Salem, for petition of Portland Metropolitan Area Local Government Boundary Commission.

No appearance contra.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The cities of Gresham and Portland and the Portland Metropolitan Area Local Government Boundary Commission have filed petitions for Supreme Court review; the petitions function initially as petitions for reconsideration by this court. ORAP 10.10. We allow reconsideration to address one point that Gresham raises and that Portland "incorporates and joins."

Gresham's petition contains the following statement of facts:

"Since the filing of the Columbia Ridge [consolidation] proposal, Gresham and Portland have annexed territory which was included within the proposal. These annexations were not challenged by petitions for judicial review.

"Since the filing of the Columbia Ridge proposal, Portland and Gresham have continued with their annexation programs of unincorporated territory of Multnomah County and have expended considerable money in this effort. The cities have entered into agreements with Multnomah County for the transfer of employees and services as a result of these annexations."

On the basis of that factual statement, Gresham argues:

"If the Oregon Supreme Court agrees with the Oregon Court of Appeals' interpretation and application of ORS 199.476(3), Gresham requests that the Oregon Supreme Court declare valid all annexations to Gresham and the City of Portland (Portland) of territory within the City of Columbia Ridge proposal, and also declare that such annexed territory is not included within the boundaries of the proposed City of Columbia Ridge."

Neither the facts Gresham states nor the argument it makes have any relationship to the issues in this appeal from the boundary commission's order on the Columbia Ridge consolidation proposal. The only questions that are *or can be* present here involve the validity and legal correctness of the commission's disposition of *that* proposal to form a new city by consolidating the City of Fairview with unincorporated territory in Multnomah County. Whatever impact the commission's order purporting to disapprove the consolidation may have had on Gresham's and Portland's incentive to

annex the unincorporated areas, the validity of the annexations was not and could not have been decided in the commission's proceedings on the consolidation proposal. It follows that the validity of the annexations was beyond the scope of inquiry in our review of the commission's order and is wholly beyond the appropriate purview of petitions for or an opinion on reconsideration of our decision holding that the order was a nullity.

What Gresham and Portland seek through the quoted parts of Gresham's petition is, in essence, a declaratory judgment that actions they have taken with respect to the unincorporated territory in the proposed Columbia Ridge area are valid and are unaffected by the proceedings on the consolidation proposal or by our decision. If there is an appropriate case and a proper forum in which they can obtain such a declaration, this is not it.

Reconsideration allowed on petitions of City of Gresham and City of Portland; reconsideration denied on petition of Portland Metropolitan Area Local Government Boundary Commission; former opinion supplemented and adhered to.